52 F.3d 331
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Felipe MENDOZA, also known as Joe Marquez, Appellant.
 No. 94-3470
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Apr. 12, 1995
Filed: Apr. 26, 1995
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Felipe Mendoza appeals his 262-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute over 5 kilograms of cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(A)(ii), and 846. We affirm.
 
 
 2
 The parties signed a "stipulation of facts relative to sentencing" in July 1994. Each party reserved the right to "comment on the report of defendant's presentence investigation," to "introduce testimony or other information relating to any factual inaccuracies contained in the report," to "comment on the application and calculation of the sentencing guidelines to the offense to which defendant will plead guilty," and to "bring any misstatements of fact concerning this matter[,] made either by the other party or on that party's behalf, to the attention of the Court at the time of sentencing." The stipulation described the facts of the conspiracy, including the amount of cocaine seized-397,335 grams-and Mendoza's arrest on February 21, 1994.
 
 
 3
 According to the presentence report (PSR), Mendoza agreed to cooperate with DEA agents after his arrest, travelled with them to New York to deliver the cocaine shipment to its intended receiver, escaped from custody while in New York on February 23, 1994, and was re-arrested four days later in Texas. The PSR indicated a two-level obstruction-of-justice enhancement for his escape from custody.
 
 
 4
 Mendoza objected to the enhancement, arguing the stipulation the parties entered into did not mention an alleged escape attempt and the government could not prove any such attempt by a preponderance of the evidence. At sentencing, Mendoza argued the court should not impose the obstruction enhancement because it had no evidence before it as to any escape or obstruction other than the PSR, and the stipulation of facts made no mention of the escape. Over Mendoza's objection, the court allowed the government to present the testimony of a DEA agent as to the escape attempt. The court sentenced Mendoza to 262 months imprisonment-the lowest figure in his sentencing range-and five years supervised release, and fined him $2,100.
 
 
 5
 On appeal, Mendoza argues it was a breach of the agreement between the parties to allow the government to introduce at the sentencing hearing evidence of facts that were not included in the stipulation of facts.
 
 
 6
 The Guidelines require that a stipulation of fact "must fully and accurately disclose all factors relevant to the determination of the sentence." U.S.S.G. Sec. 6B1.4, comment. On the other hand,
 
 
 7
 [e]ven though stipulations are expected to be accurate and complete, the court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.
 
 
 8
 Id.; see also United States v. Westerman, 973 F.2d 1422, 1426 (8th Cir. 1992).
 
 
 9
 We conclude the government did not violate the stipulation simply by turning over its investigative reports to the probation office. Mendoza had also received these reports and reasonably should have been aware that an obstruction enhancement might be imposed. We believe the court had a duty to consider the challenged information once it had been apprised of it through the PSR, and the stipulation did not preclude the government from coming forward with evidence at sentencing once Mendoza objected to the PSR's recommendation. We conclude the district court did not err in applying the enhancement. Cf. United States v. Wilson, 955 F.2d 547, 551 (8th Cir. 1992) (fact that district court chose to impose enhancement not addressed in plea agreements could not constitute breach of those agreements).
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri